George Andrews, J.,
delivered the opinion of the Court.
The plaintiff .in error was indicted in the County Court of Knox County, for a misdemeanor, in cutting down, with intent to convert to his own use, valuable timber on the land of the prosecutor, D. F. DeAr-mond.
No objection was taken in the court below, to the sufficiency of the indictment.
This indictment is founded on clause 7 of section 4652 of' the Code, which declares that it shall be a misdemeanor “to trespass on the lands of another by cutting down, or in any other manner, destroying, valuable timber thereon, exceeding fifty cents in value, with a view to convert the same to his own use, unless the offender be traveling or moving along any road, and by accident or otherwise, require the same for his own immediate use.”
Upon the trial, the prosecutor, DeArmond, testified that he had been in possession of the land claiming title, seven or eight years; that the timber cut was in the open woods; but that witness had some inclosed *547 fields on the same tract, and had used timber off of the tract, but did not remember that he ever cut any off this identical place; that defendant had been claiming this land for several years, and was living in a house near the tract, but not upon it, and that defendant had never had possession of this land.
The defendant gave in evidence, a grant to him from the State of Tennessee, covering the loeus in quo, and proved that he resided upon, and claimed title to the tract covered by the grant. The State introduced evidence for the purpose of proving the grant to defendant to be a forgery.
The County Judge, in his instructions to the jury, recited the provisions of sub-section 7, above set forth, and instructed them that, if the defendant had trespassed on the land of another, as charged in this indictment, they, should find him guilty. No further instruction or explanation was given as to what constitutes the offense. The defendant was convicted, and has appealed in error to this Court.
This statute is not intended to constitute our Criminal Courts, tribunals for the trial of ejectment suits, at the expense of the State. It is not intended to settle the title to real estate, but is enacted in pursuance of the policy apparent in our statutes of forcible entry and detainer, and other statutes, to protect the actual possession of real estate against unlawful and forcible invasion, and to remove occasion for acts of violence and breach of the peace.
To support an indictment under the statute above recited, there must have been by the express terms of *548 the statute, a trespass; such wrongful invasion of the possession of another, as would enable the party in possession to maintain the action of trespass for the injury. The possession invaded must be the possession of some other person than the defendant.
As the essence of the offense lies in the trespass, any facts which would constitute a defense to the action of trespass, as title in the defendant, or in those under whom he claims, would constitute a defense to the indictment. But the actual and exclusive possession of the prosecutor, would be prima fade evidence of the title in him.
But construing this section with reference to the obvious intent of the Legislature, and in connection with the other sections and sub-sections of the chapter in which it is found, we think that, to authorize a prosecution of this nature, there must be something more than a mere technical trespass upon the land. The trespass must be committed willfully and knowingly.
The evident design of the Legislature was, to provide in the section of the Code, of which the clause under consideration is a part, for the punishment of a nlass of willful or malicious trespasses committed upon public or private property. The section contains eighteen clauses, each specifying a distinct offense, and embraces injuries to public buildings, religious edifices, school houses, springs and wells, trees, growing crops, fences, mills, boats, etc.
Most of these clauses provide for cases in which the offense is committed “wantonly,” “knowingly,” “maliciously,” “willfully,” etc.; some of these words being *549 used in some clauses, and other words in other clauses; while in other clauses still, no reference is made to the guilty knowledge or intent of the trespasser. Thus, clause four declares it a misdemeanor “to injure any spring or well, or water used by any worshiping assembly, or belonging to another person;” clause sixteen: to sever and carry away from the land of another, any grass, hay, corn, grain, fruit, or other vegetable, or produce; clause seventeen: to dig or sever and carry away, any earth, stone, marble, etc.; and in neither of these cases are any words of intent or motive, used.
The literal terms of the clauses of the statute under which this indictment is framed, would authorize such an indictment upon the commission of the act specified, no matter in what circumstances of ignorance or accident the trespass might have had its origin.
If one commit a trespass upon the land of another, his good faith in the matter, or ignorance of the true right or title, will not exonerate him from civil responsibility for the act. But when the statute affixes to such a trespass the consequences of a criminal offense, we will not presume that the Legislature intended to punish criminally, acts committed in ignorance, by accident, or under claim of right, and in the bona fide belief that the land is the property of the trespasser, unless the terms of the statute forbid any other construction.
If the defendant in this case, committed the trespass complained of, under color of title and a bona fide claim of right to do the act, and in good faith believing that he had a valid title to the premises, and the *550 right to the possession, he was not guilty of the misdemeanor charged in the indictment.
The instructions of the Court to the jury, which rested the guilt or innocence of the defendant solely upon the validity or invalidity of his title, was, therefore, erroneous, and the judgment must he reversed,
and a new trial awarded.
McClain, J., concurred in the result.